PER CURIAM.
This is an appeal by the defendant Christopher Cherubini from a final judgment of conviction and probation order for burglary of a structure. The judgment and probation order were entered below based on a nolo contendere plea in which the defendant specifically reserved for appeal the question as to whether the trial court erred in denying his motion to suppress his fingerprint which was later used to link him to a latent fingerprint lifted from the scene of the charged burglary. This point, in turn, is the sole issue raised by the defendant on appeal.
We conclude that the trial court properly denied the defendant’s motion to suppress because on this record the trial court was entitled to find, as it did, that the defendant voluntarily accompanied the police to the police station and voluntarily consented to the taking of his fingerprints. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Moreover, this consent was not tainted by a prior illegal detention of the defendant as the defendant was lawfully detained at the time the subject consent was given; the detaining police officer clearly had a reasonable suspicion that the defendant had committed a burglary in the area and therefore was authorized to temporarily detain and question the defendant. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). The defendant’s fingerprint sought to be suppressed was therefore not, as urged, the product of an illegal detention or involuntary consent.
The final judgment of conviction and probation order under review are, in all respects,
Affirmed.